UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.

DORICK NAVIGATION, S.A.,
a foreign company,

    Plaintiff,

vs.

GULF MARINE REPAIR CORP.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Dorick Navigation, S.A., sues the Defendant, Gulf Marine Repair Corp., to recover damages and alleges:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Fed. R. Civ. P., and within the admiralty and maritime jurisdiction of this Court pursuant to Title 28 U.S.C. § 1333(1).

2. This Court has supplemental jurisdiction pursuant to Title 28 U.S.C. § 1367 over any claim that does not fall within the Court's federal question, admiralty or diversity jurisdiction.

3. Plaintiff invokes Federal Rule of Civil Procedure 9(h) because it seeks damages that were caused by the Defendant's breach of a maritime contract to repair Plaintiff's vessel.

4. This action is governed by the general maritime law as it involves breach of a maritime contract to repair a cargo vessel.

## VENUE

5. This Court is the proper venue to resolve this matter because the events giving rise to this dispute occurred at Defendant's ship repair facility in Tampa, Florida.

## THE PARTIES

6. Plaintiff, Dorick Navigation, S.A. ("Dorick"), is a Panamanian corporation that maintains an office in Nassau, Bahamas.

7. At all times material, Dorick owns the general cargo ship *Betty K VI*, which is registered under the laws of Panama and identified as IMO No. 8801216.

8. At all times material, *Betty K VI* ("vessel") is registered under the laws of Panama.

9. Defendant, Gulf Marine Repair Corp. ("GMR"), is a Florida corporation authorized to transact business in the State of Florida and maintains its principal place of business at 1800 Grant Street, Tampa, Florida 33605.

## GENERAL ALLEGATIONS

10. At all times material, Dorick used MMS Americas, LLC ("MMS") as both its agent and manager for the vessel.

11. At all times material, the vessel operated between the Betty K Terminal on the Miami River, Florida and the port of Nassau, New Providence Island in the Bahamas.

12. On August 24, 2020, GMR emailed MMS a quote concerning repairs to the vessel, including replacement of the rudder seal.

13. GMR's quote included: (a) GMR's bid letter; (b) GMR's bid proposal #20-064; and (c) GMR's terms and conditions. A copy of GMR's bid letter, bid proposal #20-064, and terms and conditions is attached hereto as Exhibit "1."

14. On October 15, 2020, MMS emailed GMR advising that the ship owner, Dorick, accepted GMR's repair quote. A copy of the maritime contract between the parties is attached as Exhibit "1."

15. On the afternoon of January 5, 2021, the vessel entered GMR's dry dock.

16. GMR performed repairs and maintenance on the vessel from January 6, 2021 to January 22, 2021.

17. During the work period, GMR removed the vessel's rudder blade,

renewed five O-rings, and reinstalled the rudder blade.

18. GMR improperly hoisted or forced the rudder blade back onto the rudder stock.

19. The vessel departed from GMR on January 22, 2021.

20. As the vessel approached Nassau on January 25, 2021, the Chief Engineer made a routine visit to the steering gear and heard an unusual noise emanating from the rudder stock.

21. The Chief Engineer suspected the rudder stock upper roller bearing had failed.

22. The Chief Engineer attached a chain block to the lifting eye in the top of the rudder stock and was able to raise the rudder/stock by about one inch, which showed the upper bearing had failed.

23. Keeping the chain block in position, the vessel departed Nassau on January 25, 2021 and arrived at the Betty K Terminal on the Miami River on January 26, 2021 to undergo further inspection.

24. An underwater inspection of the rudder was performed on February 11, 2021. The rudder had dropped down about an inch and there was no sign of grounding or contact damage.

25. Dorick's agent, MMS, promptly notified GMR about the rudder problem and of Dorick's potential claim for damages.

26. The vessel went to RMK Merrill-Stevens facility in Miami, Florida to undergo further inspection and repairs.

27. GMR had its ship superintendent inspect the vessel's rudder components at RMK Merrill-Stevens on January 29, 2021.

28. Further inspection confirmed GMR's improper reinstallation of the rudder to the rudder stock damaged both the rudder stock and rudder stock upper roller bearing.

29. The vessel's damaged rudder stock and upper rolling bearing required immediate repair and replacement before the vessel could safely return to commercial operations.

30. Dorick has satisfied all conditions precedent to file this action.

## COUNT I
## BREACH OF MARITIME CONTRACT

31. Plaintiff, Dorick, realleges ¶¶ 1 through 28 of the Complaint as if set forth fully herein.

32. Defendant, GMR, breached the maritime contract by improperly removing and/or reinstalling the vessel's rudder from/to the rudder stock.

33. Dorick sustained damages as a direct result of GMR's breach of the maritime contract.

34. Dorick's damages include costs of inspecting the vessel's rudder system, repair expenses to fix the rudder system, and other damages.

WHEREFORE, Plaintiff, Dorick Navigation, S.A., demands the Court enter judgment against Defendant, Gulf Marine Repair Corp., and award Dorick $281,409.79 damages or such other damages the Court deems proper.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE

35. Plaintiff, Dorick, realleges ¶¶ 1 through 28 of the Complaint as if fully set forth herein.

36. Under general maritime law, a contractor hired to perform services to a vessel impliedly warrants their work is performed in a workmanlike manner.

37. Defendant, GMR, impliedly warranted its work on the vessel would be performed in a workmanlike manner.

38. Defendant, GMR, breached its implied warranty of workmanlike performance by improperly removing and/or reinstalling the vessel's rudder from/to the rudder stock, which damaged both the upper rudder stock and upper rudder stock roller bearing.

39. Dorick sustained damages as a direct result of GMR's breach of implied warranty of workmanlike performance.

40. Dorick's damages include costs of inspecting the vessel's rudder system, repair expenses to fix the rudder system, and other damages.

WHEREFORE, Plaintiff, Dorick Navigation, S.A., demands the Court enter judgment against Defendant, Gulf Marine Repair Corp., and award Dorick $281,409.79 or such other damages the Court deems proper.

Dated:  January 13, 2022.

Respectfully submitted,

By:  */s/ Farris J. Martin III*
 FARRIS J. MARTIN, III
 Florida Bar No. 879916
 JAMES W. STROUP
 Florida Bar No. 842117
 STROUP & MARTIN, P.A.
 *Attorneys for Plaintiff*
 119 Southeast 12th Street
 Fort Lauderdale, Florida  33316
 Telephone:  (954) 462-8808
 E-mail:  fmartin@strouplaw.com
 E-mail:  jstroup@strouplaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system on January 13, 2022.

By:  */s/ Farris J. Martin III*
 FARRIS J. MARTIN, III
 Florida Bar No. 879916